O

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE KENNY G. ENTERPRISES, LLC, <br><br> Debtor. <br> THOMAS H. CASEY, <br> Plaintiff, <br> v. <br> DOUGLAS ROTENBERG; TUONG-VY TON, <br> Defendants. | Case No. 8:14-cv-00246-ODW <br> Bankruptcy Court case number: 8:11-bk-24750-TA <br> Adversary number: 8:13-ap-01271-TA <br> **ORDER GRANTING MOTION FOR LEAVE TO APPEAL PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 8001(b) AND 8003 [1]** |

## I. INTRODUCTION

Defendants Douglas Rotenberg and Tuong-Vy Ton ("the Rotenbergs") move for leave to appeal the Central District of California Bankruptcy Court's decision denying the dismissal of their with prejudice. After the Rotenbergs purchased a house for over $3 million, Plaintiff Thomas H. Casey, the trustee for Kenney G. Enterprises, LLC's bankruptcy estate, filed suit against them to set aside the sale as fraudulent under California law. Casey asserted standing under 11 U.S.C. § 544(b)—a section which gives a bankruptcy trustee the ability to avoid certain transfers made by a debtor that are voidable under applicable law by an existing, unsecured creditor. The Rotenbergs moved to dismiss the complaint, arguing that § 544(b) does not apply to

transfers that occur after a debtor has filed for bankruptcy, which was the situation here. After noting authority on both sides of the split, the bankruptcy court found that it could properly apply § 544(b) to a postpetition transfer and denied the motion. Given the nationwide legal divide and importance of the interpretive issue to this action, the Court **GRANTS** the Rotenbergs' Motion for Leave to Appeal.

## II. FACTUAL BACKGROUND[1]

On October 24, 2011, the Debtor filed a voluntary Chapter 11 bankruptcy petition. At that time, the bankruptcy estate's property included the residence located at 10 Horseshoe Court, Hillsborough, California.

On November 14, 2012, the Debtor filed a reorganization plan. The Bankruptcy Court for the Central District of California confirmed the plan on January 3, 2013. Paragraph VII(a) of the plan, consistent with bankruptcy law, revested the Hillsborough property in the Debtor.

Around March 22, 2013, the Rotenbergs purchased the Hillsborough property for $3,130,000. The Debtor did not seek judicial approval for the sale—though the bankruptcy court concedes that none was required.

At a hearing on August 14, 2013, the bankruptcy court sua sponte converted the case to Chapter 7 bankruptcy. The court also issued an order restraining Kenneth Ghari, Steven Rashtabadi, Ken & Associates, Freedom Investments, and parties acting in concert with them from transferring any part of the $1.8 million proceeds from the Hillsborough property sale to anyone other than the Chapter 7 trustee.

Despite the order, the $1.8 million is currently unaccounted for. Casey consequently filed suit against the Rotenbergs seeking to set aside the sale under California Civil Code section 3439.04[2] and take title to the property. He asserted

---

[1] The Court has collected the facts from the bankruptcy court's order and the Rotenbergs' Motion. But on appeal, the Rotenbergs will need to support these facts with citations to the administrative record or other permissible evidence.

[2] Section 3439.04 provides,
    (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the

standing to proceed on behalf of an existing, unsecured creditor under 11 U.S.C. § 544(b). That subsection provides that,

> the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

The Rotenbergs moved to dismiss the complaint in the bankruptcy court, arguing that § 544(b) only applies to prepetition transfers. The bankruptcy court disagreed and denied the motion with prejudice. The Rotenbergs now seek leave to appeal that decision under Federal Rules of Bankruptcy Procedure 8001(b) and 8003.

### III. LEGAL STANDARD

Federal district courts may grant leave to hear interlocutory appeals of orders issued by a bankruptcy court. 28 U.S.C. § 158(a); *see also* Fed. R. Bankr. P. 8001(b) (requiring that an appellant file both a notice of appeal and a motion for leave to appeal an interlocutory bankruptcy order). A motion for leave to appeal must contain a (1) statement of the relevant facts, (2) statement of the questions presented and relief sought, (3) statement of the reasons why the court should grant leave to appeal, and (4) a copy of the judgment, order, or decree in dispute. Fed. R. Bankr. P. 8003(a).

Courts generally apply the same interlocutory-appeal standard employed under 28 U.S.C. § 1292(b) to assess whether to grant leave to appeal an interlocutory bankruptcy decision. A court therefore must assess whether (1) the appeal relates to a controlling issue of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal will materially advance the ultimate termination of the litigation. § 1292(b).

---

obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
(1) With actual intent to hinder, delay, or defraud any creditor of the debtor. . . .

## IV. DISCUSSION

The Rotenbergs ask the court for leave to appeal the bankruptcy court's decision finding that § 544(b) applies to postpetition transfers. Specifically, the Rotenbergs suggest three questions for appeal: (1) whether the bankruptcy court erred in denying the Rotenbergs' motion to dismiss as to the Trustee's use of 11 U.S.C. § 544(b) to avoid a postpetition transfer of property no longer belonging to the estate; (2) whether a trustee can use § 544(b) to avoid a postpetition transfer of property; and (3) whether a trustee can use § 544(b) to avoid a postpetition transfer of property that no longer belongs to the estate. The Court agrees with the Rotenbergs that determining whether § 544(b) applies to postpetition transfers is a controlling question of law subject to substantial ground of difference opinion, the resolution of which will materially advance the outcome of the Trustee's adversary action.

### A. Controlling question of law

The Ninth Circuit has determined that a legal question is "controlling" when the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (interpreting § 1292(b)).

The Court agrees with the Rotenbergs that § 544(b)'s application to postpetition transfers is controlling because Casey only asserted standing to challenge the transfer under California Civil Code section 3439.04 via 11 U.S.C. § 544(b). If this Court were to determine on appeal that § 544(b) does not apply to postpetition transfers, then Casey would presumably have no standing to continue seeking to set aside the Hillsborough property sale—the essence of the adversary action and the Rotenbergs' dismissal motion.

While the Rotenbergs propose three questions, the Court agrees with the Trustee that the issue is much simpler: does § 544(b) apply to postpetition transfers? The Court therefore confines the interlocutory appeal to this issue.
/ / /

### B. Substantial ground for difference of opinion

The Ninth Circuit has explained that there is a substantial ground for difference of opinion when the law on a particular issue is unclear, such as when the circuits are split or when "novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks omitted).

The Trustee argues that there is no substantial ground for difference of opinion, because "the only court faced with the same factual scenario as the case at hand that actually analyzed the issue[] ruled the same as the Bankruptcy Court in this case." (Opp'n 4 (citing to *In re Seminole Walls & Ceilings Corp.*, 446 B.R. 572 (Bankr. M.D. Fla. 2011)).) He also contends that the cases the Rotenbergs cite are not persuasive, because those courts did not consider whether § 544(b) applies to a postconfirmation but preconversion transfer like the Hillsborough property sale.

The bankruptcy court itself noted that § 544(b)'s application to postpetition transfers is an unsettled issue with no binding authority from the Ninth Circuit or the United States Supreme Court. The weight of authority thus far finds that § 544(b) does not apply to postpetition transfers. *See, e.g.*, *In re Troutman Enters., Inc.*, 356 B.R. 786, at *9–10 (B.A.P. 6th Cir. 2007); *In re Leonard*, 454 B.R. 444, 459 (Bankr. E.D. Mich. 2011); *In re Schneiderman*, 251 B.R. 757, 763 (Bankr. D.D.C. 2000); *In re Branam*, 247 B.R. 440, 444 (Bankr. E.D. Tenn. 2000); *In re Centennial Textiles, Inc.*, 227 B.R. 606, 610 (Bankr. S.D.N.Y. 1998); *In re Sattler's, Inc.*, 73 B.R. 780, 790–91 (Bankr. S.D.N.Y. 1987); *see also* 5-544 Collier on Bankruptcy P 544.01 (16th ed.).

But the bankruptcy court cited to other decisions it understood to support its position that one can apply § 544(b) to postpetition transfers. *See In re Seminole Walls & Ceilings Corp.*, 446 B.R. 572 (Bankr. M.D. Fla. 2011); *In re Guillot*, 250 B.R. 570 (Bankr. M.D. La. 2000).

The Court does not agree with the Trustee that *In re Seminole Walls & Ceilings* is the only case on point. While that case may prove persuasive in determining the

ultimate appeal's merits, the issue now is whether there is substantial ground for difference of opinion regarding § 544(b)'s application to transfers arising after the filing of a bankruptcy petition. Given the earnest split of authority and lack of guiding precedent, the Court finds that there is.

**C.    Immediate appeal will materially advance the litigation**

The Rotenbergs assert that reversal of the bankruptcy court's decision will result in dismissal of the Trustee's adversary action because he will lack standing to challenge the Hillsborough property sale. But Casey argues that the applicable law indicates a high likelihood that he will succeed and that the Rotenbergs only seek to delay the adversary action through this appeal.

If the Court were to reverse the bankruptcy court's decision, Casey would not have standing as trustee to challenge the Hillsborough property sale. His California Civil Code section 3439.04 claim—and consequently this adversary action—would thus fail as a matter of law. Resolution of this legal issue would then necessarily materially advance the litigation.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Rotenbergs' Motion for Leave to Appeal. (ECF No. 1.) The Clerk of Court shall issue the Notice Regarding Appeal forthwith.

**IT IS SO ORDERED.**

March 6, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**