O

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE KENNY G. ENTERPRISES, LLC, <br> Debtor. <br><br> THOMAS H. CASEY, <br> Appellee, <br> v. <br> DOUGLAS ROTENBERG; TUONG-VY TON, <br> Appellants. | Case No. 8:14-cv-00246-ODW <br><br> **ORDER DENYING EMERGENCY MOTION TO STAY THE ADVERSARY PROCEEDING PENDING INTERLOCUTORY APPEAL [12]** |

## I.  INTRODUCTION

After this Court granted Appellants Douglas Rotenberg and Tuong-Vy Ton's ("the Rotenbergs") leave to file an interlocutory appeal of a bankruptcy order, they promptly filed a motion to stay before the Central District of California Bankruptcy Court. When the court denied that motion, the Rotenbergs filed this Emergency Motion to Stay under Bankruptcy Rule 8005. The Court then set a hearing and expedited briefing schedule. After considering the parties' written and oral submissions, the Court finds that the Rotenbergs have failed to demonstrate that they will suffer irreparable harm absent a stay. The Court accordingly **DENIES** the Rotenbergs' Emergency Motion to Stay. (ECF No. 12.)

## II. PROCEDURAL HISTORY

On March 6, 2014, the Court granted the Rotenbergs leave to file an interlocutory appeal of the Central District of California Bankruptcy Court's order denying their motion to dismiss the Trustee's Complaint. (ECF No. 4.) The Court specifically limited the issue on appeal to whether 11 U.S.C. § 544(b) applies to postpetition transfers. The Rotenbergs' opening brief is due on May 14, 2014. (ECF No. 11.)

On March 10, 2014, the Rotenbergs filed an emergency motion to stay the adversary bankruptcy proceedings before the bankruptcy court. On March 18, 2014, the bankruptcy court issued a tentative ruling indicating various reasons for denying the stay. (Request for Judicial Notice ("RJN") Ex. G.)[1] The court held a hearing on the matter and ultimately denied the motion. (*Id.* Ex. I.)

On April 30, 2014, the Rotenbergs filed an Emergency Motion to Stay before this Court. The Court promptly set an expedited briefing schedule and a hearing. On May 6, 2014, the Court held a hearing on the Motion and took the matter under submission. That Motion is now before the Court for decision.

## III. LEGAL STANDARD

Bankruptcy Rule 8005 provides that a bankruptcy court may stay a case pending the outcome of an appeal or make other appropriate orders to protect the interests of the parties involved. A party seeking a stay must generally file the motion with the bankruptcy court first before seeking relief from a district court. Fed. R. Bankr. P. 8005.

A stay is not a matter of right—"even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). Rather, a stay is an exercise of judicial discretion. *Id.* A movant must generally satisfy four elements: "(1) appellant

---

[1] The Trustee points out that the bankruptcy court never explicitly incorporated its tentative ruling into its final order denying the motion to stay. But since both parties attended the hearing and do not dispute that the bankruptcy court denied the motion for the reasons stated in the tentative order, the Court looks to that document to resolve this Motion.

is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006) (internal quotation marks omitted). But the first two factors are the most important. *Nken*, 556 U.S. at 434.

After a bankruptcy court denies a motion to stay, the district court may only review the denial for abuse of discretion. *Id.* at 847. The district court reviews the bankruptcy court's legal determinations de novo but may only set aside factual findings if clearly erroneous. *Id.* at 848.

## IV. DISCUSSION

The Court agrees with the bankruptcy court that the Rotenbergs have not established that they will suffer irreparable harm absent a stay, thus precluding this Court from reversing the bankruptcy court's decision.

**A. Likelihood of success on the merits**

The bankruptcy court was not persuaded by the Rotenbergs' arguments regarding their likelihood of success on the merits. The court instead stuck to its original findings in its order denying Appellants' motion to dismiss.

There is no hard-and-fast rule for determining when a party has established a likelihood of success on the merits, but the United States Supreme Court has stated that the movant must establish more than just a mere "possibility" of success. *Nken*, 556 U.S. at 434–35. Generally, the movant must establish a "strong showing" that she is likely to succeed on the merits. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

The Rotenbergs point out that this Court previously found that there is an earnest split of authority regarding whether 11 U.S.C. § 544(b) applies to postpetition transfers such as the sale of the Hillsborough, California property by Kenny G. Enterprises, LLC to the Rotenbergs. They argue that given the number of cases finding in their favor, they have established a fair probability of success on the merits.

1  They also contend that the bankruptcy court applied the wrong standard in determining the quantum of success that Appellants must show to properly move for a stay.

Heavily arguing the appeal's ultimate merits, the Trustee disagrees that the Rotenbergs have established a likelihood of success on the merits.  Casey contends that Appellants continue to ignore that there was allegedly a "material default" of the reorganization plan, thus preventing the Hillsborough Property from revesting in the debtor.  The Trustee asserts that it is unlikely that this Court will contravene the bankruptcy court's decision.

The Court agrees with the Rotenbergs that they have established a "strong showing" that they are likely to succeed on the merits.  It is essentially impossible for either party or the court to accurately quantify their respective likelihoods of success.  But this Court previously cited substantial authority finding that § 544(b) does not apply to postpetition transfers; in fact, the bankruptcy court itself admitted that the "majority rule appears to be that section 544(a) and (b) powers are limited and *may not be used by a trustee to avoid a post-petition transfer*."  (RJN Ex. A, at Ex. 1 (emphasis added).)  Though the Court expresses no opinion on the ultimate resolution of the interlocutory appeal, the Rotenbergs have at least laid a solid foundation for constructing their potential appellate success.

**B.     Irreparable injury to appellants**

The Rotenbergs argue that they will suffer irreparable injury if the Court does not grant their Motion to Stay because they will have to incur potentially unnecessary litigation expenses and endure the emotional toll of having their home in the Trustee's crosshairs.  But the Trustee notes that there are no major upcoming deadlines in the adversary bankruptcy proceeding; rather, the first deadline—aside from initial disclosures—is the completion of discovery some six months away.  Both the bankruptcy court and the Trustee also indicate that even if the Rotenbergs lost the

/ / /

1 Hillsborough Property, their title insurer would likely protect them—though the
2 record is still unclear on whether they do in fact have title insurance.

3 The Court is not convinced that the Rotenbergs will suffer irreparable injury if
4 the Court does not stay the adversary bankruptcy proceedings. It is highly unlikely
5 that the interlocutory appeal will languish until November of this year. And even if
6 that remote eventuality came to pass, the Rotenbergs would only come up against a
7 discovery cutoff—far from ever actually losing their home. There is accordingly no
8 "emergency" here justifying this Court overturning the bankruptcy court's decision—
9 a court which is in a much better position to understand the nuances of the adversary
10 proceedings and the factors bearing on the case's procedure.

11 Prolonged litigation and unnecessary expense also do not constitute irreparable
12 injury. Those are necessary incidents every time a court faces a motion to stay
13 pending an appeal, for if the stay movant ultimately appeals, she will always have
14 incurred "unnecessary" expense in prosecuting the action. The Rotenbergs have not
15 demonstrated that some unusual situation here would, for example, render it so
16 prohibitively expensive to proceed that the Court must immediately throw the break
17 on relatively routine litigation. The failure to establish this element alone is thus fatal
18 to the Rotenbergs' Motion.

19 **C.    Substantial harm to appellee**

20 The bankruptcy court expressed great concern regarding the harm that the
21 Trustee would incur in pursuing the claims of the remaining creditors, "particularly if
22 the [Rotenbergs] decide to stop paying the mortgage." (RJN Ex. G.) But the court
23 noted that this factor could swing the other way if the Rotenbergs posted a $2,000,000
24 bond.

25 The Rotenbergs now agree to post such a bond. They also indicate that the
26 Trustee has filed a *lis pendens* against the Hillsborough Property, which will likely
27 prevent any intervening transfers of the property.
28 / / /

Casey contends that staying the proceedings now might prevent him from ever unearthing vital information that will help him in pursuing the sale proceeds from the debtor. He states that he has only been able to recover $300 so far.

While both parties dispute the propriety of a bond, the issue is a nonstarter. Without the Rotenbergs suffering "irreparable" harm absent a stay, the Court need not even reach this element. Nonetheless, a bond would only protect the value of the property the Trustee seeks to recover; it would do little to protect the Trustee's quest for information to use in vindicating the unsecured creditors' claims.

**D.      Harm to the public interest**

The bankruptcy court found that the public-interest factor was "either neutral or favor[ed] the Trustee." (RJN Ex. G.) Naturally, both parties dispute the issue. But the Court does not find this case especially ripe for supplanting the bankruptcy court's findings with its own. The public interest here likely follows the party that would suffer the most harm with or without the stay. As the bankruptcy court and this Court have found, that would be the Trustee.

## V.      CONCLUSION

For the reasons discussed above, the Court finds that the bankruptcy court did not abuse its discretion in declining to exercise its discretion to stay the adversary proceedings. The Court therefore **DENIES** the Rotenbergs' Emergency Motion to Stay. (ECF No. 12.)

**IT IS SO ORDERED.**

May 7, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**